## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **DASHONE M. REYNOLDS** | **CASE NO.  6:23-CV-00242 SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **RAYBURN CORRECENTIONAL CENTER, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Pending before this Court is an original and amended civil rights complaint (rec. doc. 6, 10), filed pursuant to 42 U.S.C. §1983, by pro se plaintiff, Dashone M. Reynolds, an inmate in the custody of the Louisiana Department of Corrections, currently incarcerated at the BB Rayburn Correctional Center in Angie, Louisiana.  He names the following as defendants: (1) Rayburn Correctional Center; (2) Major Johnson; (3) Lt. Henry; (4) Kimberly Rimes; (5) Randall Seal; (6) Major Dillion; (7) Derek Mingo; (8) Lt. McGehee; (9) Kenton Smith; (10) Billy Mersereau; and (11) Lt. Williams.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the matter be **DISMISSED WITH PREJUDICE** as frivolous.

  I.    **Statement of the Case**

In his original complaint, Reynolds makes three general claims.  First, he complains that he has not received a tablet for which he has tracking information.  Doc. 6, p. 3.  He also complains that he has been overcharged by the canteen.  *Id*.  Finally, he complains that he is housed in a jail where he has "enemies from every gang and hood from Orleans Parish."  *Id*.

The gravamen of his amended complaint is that he is housed with enemies who want to harm he and his family. Doc. 10, p.3.

## II. Law and Analysis

### 1. Frivolity Review

Reynolds has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. Claims

#### a. Missing Tablet

Reynolds complains that he has not received a tablet he ordered, despite having the shipping and tracking information in his possession. However, there is no legal basis to a prison inmate's claim that his due process rights were violated when mail officials lost or destroyed his property. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). The deprivation of property by a state employee, whether done negligently, *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on*

2

other grounds, *Daniels v. Williams*, 474 U.S. 327, 330 (1986), or intentionally, *Hudson v. Palmer*, 468 U.S. 517 (1984), is not actionable under §1983 when an adequate state law remedy exists. *See also Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir. 1988). Louisiana law provides such a remedy. See LSA-C.C. Art. 2315. Accordingly, this claim is without merit.

### b. Overcharged at Commissary

Plaintiff also complains that he has been overcharged at the canteen. However, he has no constitutional right to commissary privileges. Numerous courts which have considered claims like this, that prices of prison commissary items are too high, have held that such allegations fail to state a claim of violation of constitutional rights cognizable under Section 1983. *E.g., McCall v. Keefe Supply Co.,* 71 Fed. Appx. 779, 2003 WL 21716435, at *1 (10th Cir. 2003); *Tokar v. Armontrout,* 97 F.3d 1078, 1083 (8th Cir. 1996); *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980); *Armstrong v. Broadus,* No. 1:08CV225HSO-JMR, 2009 U.S. Dist. LEXIS 109234, 2009 WL 3805552, at *9 (S.D. Miss. Nov. 6, 2009); *Brown v. Gulash*, No. 07-cv-370-JPG, 2009 U.S. Dist. LEXIS 60970, 2009 WL 2144592, at *5 (S.D. Ill. July 16, 2009); *Byrd v. L.C.S. Corr. Servs., Inc.*, No. 07-0029, 2007 U.S. Dist. LEXIS 57286, 2007 WL 2156583, at *10 (W.D. La. Apr. 27, 2007) (Methvin, M.J.). Accordingly, this claim is without merit.

### c. Housed with Enemies

Finally, Reynolds complains that he has "enemies from every gang and hood from Orleans Parish." Doc. 6, p. 3. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates." *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). The Fifth Circuit has stated that "the 'deliberate indifference' standard [is] the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the

3

failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). This standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Based on the conclusory allegations of the complaint, plaintiff has failed to state a claim. He has mentioned no threat specific to him, nor has he identified any person or group that responsible for the threat. As best the court can glean from the pleadings, Reynolds faces no great threat of danger or physical harm than is not shared by all other inmates. *See Robinson v. Bryant*, 2011 U.S. Dist. LEXIS 7171, (N.D. Miss., Jan. 25, 2011). In short, the plaintiff cannot maintain a claim for failure to protect.

Furthermore, plaintiff's allegations fail to demonstrate that he has sustained any physical injury as a result of the alleged failure to protect. Under the PLRA, "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

### III. Conclusion

Therefore,

**IT IS RECOMMENDED THAT** this matter be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 14th day of July, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE